UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 2 8 2009

P.M.
TIME A.M.

JOHN L. EDWARDS,

                Plaintiff,

    - against-

ELMHURST HOSPITAL CENTER,

                Defendant.

-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**06-CV-6859 (RRM) (LB)**

**BLOOM, United States Magistrate Judge:**

       Plaintiff, John L. Edwards, brings this *pro se* action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff alleges that his employer, Elmhurst Hospital Center,[1] discriminated against him based on his race and color in violation of Title VII. Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] The Honorable Roslynn R. Mauskopf,[3] United States District Judge, referred defendant's summary judgment motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendant's motion should be granted.

---

   [1] Elmhurst Hospital Center is part of the New York City Health and Hospitals Corporation, a municipal hospital and health care system for New Yorkers. *See* http://www.nyc.gov/hhc (last visited May 20, 2009).

   [2] Defendant provided plaintiff with the requisite notice to *pro se* litigants pursuant to Local Civil Rule 56.2.

   [3] This case was previously assigned to the Honorable Nina Gershon, United States District Judge.

## BACKGROUND

The following facts are either undisputed or evaluated in the light most favorable to plaintiff.[4]

Plaintiff, John L. Edwards, an African-American male, has been employed as an Institutional Aide at Elmhurst Hospital Center ("Elmhurst") since September 1990. Plaintiff's job responsibilities include general housekeeping, maintenance and various janitorial functions and his position is classified as non-competitive. Declaration of Joshua Fay ("Def. Decl."), Exhibit C (Institutional Aide Job Description). The Personnel Rules and Regulations of the New York City Health and Hospitals Corporation ("HHC") govern appointments and promotions in positions classified as "competitive class." Def.'s Memorandum of Law ("Def. Memo of Law"), Appendix A (HHC Personnel Rules and Regs.§§ 4.1.1, 4.6, 4.7.1). On October 22, 2005, HHC held an examination for a Maintenance Worker position and the application process was open from July 6, 2005 through August 26, 2005. Def. Decl., Exhibit E (Notice of Examination). According to Beth Owens, Senior Director of Human Resources Management at HHC, the Maintenance Worker position is classified as competitive and "appointments to that title are made from civil service eligible lists from competitive examinations." Owens Decl. at ¶ 4. On June 23, 2006, HHC generated an eligible list of applicants based on the results of the October 2005 examination. Def. Decl., Exhibit G.

---

[4] Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried. *See* Local Rule 56.1(a); *see also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 72 (2d Cir. 2001). Defendant filed a 56.1(a) statement, however, plaintiff did not file a corresponding statement. The Court accepts as true those statements for which defendant has provided evidence in the record. *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *Giannullo*, 322 F.3d at 143 n.5.

Plaintiff alleges that he submitted a job application for a Maintenance Worker position "to one of the ladies working [in the network facilities management department]." Compl. at 4, ¶ 8, Unmarked Exhibit (Employment Application dated Jan. 31, 2006). Plaintiff further alleges that he "asked [Nick Lancse] about my job application, he said it was being process[] and about three months later, other people were hire[d], white and not Black and they came from outside the Hospital." Id. "Plaintiff was not offered a position as a Maintenance Worker with Elmhurst Hospital," Def. Local Rule 56.1 Statement at 3, ¶ 13, and there is no record that plaintiff applied to take the October 2005 Maintenance Worker examination. Owens Decl. at ¶ 6-7. However, "two appointments were made to the position of Maintenance Worker. These appointments were made in March and April of 2007, respectively, and the individuals selected for those positions were selected from the eligible list for Maintenance Worker."[5] Owens Decl. at ¶ 8.

## PROCEDURAL HISTORY

On August 2, 2006, plaintiff filed an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant denied him a promotion to Maintenance Worker or Locksmith based on his race and his color. *See* Compl., Unmarked Exhibit (Charge of Discrimination). On November 3, 2006, the EEOC issued a "right to sue" letter. *See* Compl., Unmarked Exhibit (EEOC Dismissal and Notice of Rights). On December 29, 2006, plaintiff paid the statutory filing fee to commence this action alleging that defendant discriminated against him based on his race and color. Compl. at 3, ¶ 7. After the parties completed discovery, defendant filed the instant motion for summary judgment. Plaintiff filed a sparse opposition to defendant's motion and defendant filed a reply.

---

[5] Defendant does not provide the race or color of these two individuals.

# DISCUSSION

## I.     Summary Judgment - Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is one that "might affect the outcome of the suit under the governing law." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 245 (2d Cir. 2008). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Jeffreys*, 426 F.3d at 553 (quoting *Anderson*, 477 U.S. at 248); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Matsushita*, 475 U.S. at 586-87. In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. *Anderson*, 477 U.S. at 257.

Although the Court is obliged to "read [the *pro se* plaintiff's] papers liberally, and will

4

interpret them to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)), "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Niagara Mohawk Power Corp. v. Jones Chemical, Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995) (mere speculation and conjecture are insufficient to avoid summary judgment). Moreover, "'[t]he mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara*, 315 F.3d at 175 (quoting *Anderson*, 477 U.S. at 252.

## II.    Title VII

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006). A plaintiff bringing a Title VII action bears the burden of proving discrimination by a preponderance of the evidence. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993); *Bickerstaff v. Vassar College*, 196 F.3d 435, 446 (2d Cir. 1999), *cert. denied*, 530 U.S. 1242 (2000).

Employment discrimination claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). In order to establish a *prima facie* case of discrimination, plaintiff must show that (1) he is a member of a protected class; (2) he is qualified to perform the job or is performing his duties satisfactorily; (3) he suffered an adverse

employment decision or action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class. *See Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). A plaintiff's burden to establish a *prima facie* case of discrimination is minimal. *St. Mary's Honor Center,* 509 U.S. at 506; *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) (citations omitted).

If plaintiff succeeds in establishing a *prima facie* case, a presumption of discrimination arises and the burden shifts to defendant to present a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas,* 411 U.S. at 802-03*; Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir. 2004) (citation and quotation marks omitted).

If defendant meets this burden and offers a legitimate, non-discriminatory reason, then the burden shifts back to plaintiff to provide evidence that defendant's proffered reasons were pretextual. *McDonnell Douglas,* 411 U.S. at 804; *see also Reeves*, 530 U.S. at 133 (plaintiff "must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination."). However, the Second Circuit has pointed out that "[t]o allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases." *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985). "In short, the question [at the pretext stage] becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000); *see also James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000) (defendant "will be entitled to summary judgment . . . unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination.").

6

## A. The Maintenance Worker Position[6]

Plaintiff alleges that he submitted an application on January 31, 2006,[7] to the Facilities Management Department at Elmhurst Hospital and that receipt of such application was acknowledged by Nick Lancse, a former supervisor employed at Elmhurst Hospital. Plaintiff was neither interviewed nor hired as a Maintenance Worker. Compl. at ¶ 8; Unmarked Exhibit (EEOC Charge of Discrimination). Plaintiff argues that defendant discriminated against him based on his race and color because "about 3 months later, other people were hire[d], white and not Black and they came from outside the Hospital." Compl. at ¶ 8. Plaintiff does not allege that he applied in response to any particular job announcement or notice of examination.

Defendant moves for summary judgment alleging that plaintiff "was not legally eligible or qualified for appointment to the position he sought, and Elmhurst Hospital . . . was not legally permitted to hire him for that position" as plaintiff had not taken the Maintenance Worker examination and hence was not on the eligible list for that position. Def. Memo. of Law at 7. Plaintiff's one-page, one-paragraph opposition to defendant's motion consists solely of the following:

> PLEASE TAKE NOTICE That I John L Edwards OPPOSE THE MOTION by the defendant Joshua Fay, as for written material in this case the defendant and Elmhurst hospital center and Joshua Fay has been evasive a bout Information on Nick Lance files and human resources Information On there hiring operation where I John L Edwards work at for the last seventeen years.

---

[6] The parties have not addressed the Locksmith position.

[7] Although plaintiff's handwritten complaint lists November 31, 2006 as the date he submitted his application, that date must be incorrect since plaintiff's employment application, attached, is dated January 31, 2006. Moreover, the EEOC right to sue letter was issued on November 3, 2006. Therefore, the Court assumes plaintiff submitted an application for the Maintenance Worker position on January 31, 2006.

> And still to this day have not been given what I ASK FOR this is why
> this case needs to go trail base on The lack of information. rule 26-2
> civil rules of the Eastern District of New York aloud me John L
> Edwards To have Information also. I hope that this show this court
> what I John L Edwards have to go thought. John L Edwards the
> Plaintiff will move this court in opposition to the defendant motion
> for summary judgment. The Honorable Nina Gershon United States
> District Court that relief as may be just, proper And equitable.

Plaintiff's opposition attaches an unmarked exhibit listing job vacancies at Elmhurst Hospital

to be submitted no later than September 19, 2007, after this case was filed. It is unclear why plaintiff

submits this exhibit as none of the job titles listed are for Maintenance Worker or Locksmith. On

August 4, 2008, the Court received a second one-page, one-paragraph opposition to defendant's

motion for summary judgment consisting of the following statement:

> PLEASE TAKE NOTICE that I John L Edwards oppose the motion
> by the defendant Elmhurst hospital center because for one I John L
> Edwards have not been treated equal with the Court rule 56-2 for
> attaining discovery document.s of Nick Lanci Ron Edwards and
> human resources Department hireing in management facilities, so my
> color is the reason is why black,s cannot get fare Treatment went it
> comes to trade skills at Elmhurst hospital center;
>
> This has show by what has happen to me John L Edwards and is still
> happening today because I am black, DISCRIMINATION by race is
> one of the problem in Elmhurst hospital and still to this day I John L
> Edwards have not being consider for a job interview still today.
> Damages in this case are five million dollars for being discrimination
> by color hireing willful Intentional discrimination back pay and front
> pay. This is why this case need,s to go to TRIAL I John L Edwards
> the Plaintiff will move this court in oppose the defendant motion for
> summary judgment. the Honorable Nina Gershon United States
> District Court that relief as may be just proper and Equitable.

In light of plaintiff's *pro se* status, the Court considers both submissions in opposition to

defendant's motion for summary judgment and liberally construes them to raise the strongest

arguments they suggest.

### 1. Failure to Produce Discovery Materials

In his first opposition, plaintiff argues that defendant denied his requests for "written material" and "information." Discovery closed on August 24, 2007 (see docket entry # 11). Plaintiff never raised any discovery disputes during the discovery period nor did he move to compel.[8] "[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (citations and internal quotation marks omitted)). Even affording plaintiff the leniency required for *pro se* litigants, he does not satisfy these requirements. Plaintiff cannot forestall consideration of defendant's motion for summary judgment by simply complaining that he did not get "written material" and "information" well after the deadline for discovery has passed.

### 2. No Prima Facie Case of Discrimination

After a careful review of the record, plaintiff fails to satisfy his initial burden of establishing a *prima facie* case of discrimination under *McDonnell Douglas*. *See, e.g., Bush v. Fordham Univ.*, 452 F.Supp.2d 394, 409 (S.D.N.Y. 2006) (dismissing plaintiff's failure-to-promote claim because she failed to satisfy employer's criteria for promotion) (citing cases). Quite simply, plaintiff proffers no evidence whatsoever to support his claim of race or color discrimination.

---

[8] On December 19, 2007, plaintiff filed a "motion to go to trial" wherein he alleged, among other things, that "The Defendant has not yet given all the documents that I John L. Edwards request to support the facts in this case ... ." The Court denied the motion and directed plaintiff to oppose defendant's instant motion by January 31, 2008.

Apart from being an African-American and thus a member of a protected class, plaintiff has not shown that he was qualified for the position, that there was an adverse employment action taken against him or any circumstances supporting an inference of discrimination. The conclusory statements in plaintiff's sparse responses to defendant's motion, even when taken together, do not create a genuine issue of material fact and are insufficient to withstand defendant's motion for summary judgment. *Anderson*, 477 U.S. at 249; *Meiri*, 759 F.2d at 997; Fed. R. Civ. P. 56(e)(2).

Even assuming that plaintiff had made out a *prima facie* case, defendant has met its burden of showing a legitimate, non-discriminatory reason for its actions, namely, that HHC's Personnel Rules and Regulations require an examination and appointment from an eligible list for competitive class positions such as Maintenance Worker. Plaintiff does not dispute this, nor does he demonstrate that he ever took the required examination. Plaintiff ignores defendant's evidence that the Maintenance Worker position required taking and passing an examination and being named from the eligible list. Instead, plaintiff relies on his own unsupported, conclusory allegations that defendant discriminated against him. These allegations do not establish a *prima facie* case, let alone prove pretext and discrimination. To the extent that plaintiff includes what appears to be an excerpt from a Human Resources Manual regarding interviewing and selection procedures, *see* Compl. Unmarked Exhibit ("Human Resources Policy #42), he does not show how this document contradicts HHC's Personnel Rules and Regulations or otherwise supports his race and color discrimination claim against defendant.

## CONCLUSION

Accordingly, it is respectfully recommended that defendant's motion for summary judgment should be granted. It is further recommended that for the purpose of an appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from a judgment entered herein would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *see Thomas v. Arn*, 474 U.S. 140 (1985).

LOIS BLOOM
United States Magistrate Judge

Dated:  May 27, 2009
    Brooklyn, New York

11

Copies to:     THE HONORABLE ROSLYNN R. MAUSKOPF, U.S.D.J.


John L. Edwards
773 Concourse Village
East 158 Street, Apt. 8-G
Bronx, NY 10451
*Plaintiff Pro Se*


Joshua R. Fay
Corporation Counsel of the
City of New York City
100 Church Street, Room 2-123
New York, NY 10007
*Attorney for Defendant*